UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOTHEBY'S, INC., <br><br> *Plaintiff*, <br><br> - against- <br><br> LIONEL DE SAINT DONAT-POURRIERES, <br><br> *Defendant*. | ECF CASE <br><br> CIVIL ACTION NO. <br><br> **COMPLAINT** |

Plaintiff Sotheby's, Inc. ("Sotheby's" or "Plaintiff"), by its attorneys Cahill Partners LLP, as and for its Complaint against defendant Lionel de Saint Donat-Pourrieres ("de Saint Donat-Pourrieres" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.  Sotheby's brings this action to recover from Defendant the monies he received from the sale of a painting he consigned to auction. The painting, titled *Saint Jerome* and purportedly attributed to the Circle of Girolamo Francesco Maria Mazzola (a highly important Italian "Old Master" who was active in the 16th Century, known as Parmigianino) (the "Painting"), was in fact created by a forger hundreds of years after Parmigianino died. That the Painting is a relatively recent forgery has been conclusively determined by Orion Analytical, LLC ("Orion Analytical"), through the work of James Martin, one of the world's leading forensic scientists and experts in art-authentication matters. Mr. Martin took pigment samples from 21 different areas of the painting. Each and every one of those samples (none of which were taken from areas of restoration) contained the modern synthetic pigment phthalocyanine green, which was first used in paints nearly four centuries after Parmigianino died.

2. Upon information and belief, the Painting once passed through the hands of Giuliano Ruffini. Ruffini, according to media reports, is under investigation for selling a considerable number of Old Master Paintings that are considered to be modern forgeries of which the Painting is but one. The creation and multi-million-dollar sales of this series of forgeries have been referred to in the press as the art "scandal of the century." An active, wide-ranging French criminal investigation is said to be underway.

3. Sotheby's is refunding in full the monies it received from the buyer of the forged Painting but, despite his clear obligations, Defendant refuses to refund the hundreds of thousands of dollars that he received. This action seeks money damages, including payment of all sums due and owing to Sotheby's pursuant, among other things, to the terms of Defendant's contract with Sotheby's.

**PARTIES AND JURISDICTION**

4. Sotheby's, Inc. is a duly organized New York corporation with its principal place of business located at 1334 York Avenue, New York, New York 10021.

5. On information and belief, defendant de Saint Donat-Pourrieres is a resident of Luxembourg.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 due to diversity of the parties and because the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C § 1391 because a substantial part of the events giving rise to the claims occurred in the Southern District of New York.

## FACTS

8. In or about May 2011, Defendant consigned the Painting to Sotheby's.

9. Defendant signed a Consignment Agreement (the "Contract"), dated 2011-May-11, with Sotheby's memorializing the consignment of the Painting to Sotheby's for sale at public auction in January 2012.

10. The Contract incorporates by reference Sotheby's standard Conditions of Sale (the "Conditions of Sale") and Terms of Guarantee (the "Terms of Guarantee").

11. The Contract provides, among other things, that Sotheby's is authorized to rescind the sale of the Painting if Sotheby's learns that the Painting (1) "is inaccurately described in the catalogue," (2) "is a counterfeit (a modern forgery intended to deceive)," or (3) if Sotheby's determines, in its sole judgment, that the sale of the Painting may subject it to "any liability."

12. In the Contract, Defendant made representations to Sotheby's that concern the Painting.

13. The Painting was sold at auction on or about 2012-January-26 for Eight Hundred Forty-Two Thousand Five Hundred Dollars ($842,500.00) (the "Sale").

14. Defendant received Six Hundred and Seventy-Two Thousand Dollars ($672,000.00) from the Sale proceeds.

15. After the Sale, the Painting was conclusively determined to be a modern forgery.

16. The Sale is subject to rescission under the terms of the Contract and the attendant Conditions of Sale and Terms of Guarantee.

17. Sotheby advised Defendant that, as provided in the Contract, it would rescind the Sale and has demanded that Defendant return the Sale proceeds he had received from Sotheby's.

18. Sotheby's is refunding the full purchase price to the purchaser, including the Six Hundred and Seventy-Two Thousand Dollars ($672,000.00) that Defendant received.

19. Defendant has refused to return the proceeds of the Sale.

20. Defendant has failed to provide or identify any credible legal basis for refusing to return the monies he received from his sale of a forgery.

21. Sotheby's has been damaged both by Defendant's refusal and by his breach of the Contract.

22. Sotheby's damages include the amount Defendant received from the Sale of the Painting, related costs and expenses, and additional monies lost because of Defendant's breach of the Contract.

23. The Contract requires Defendant to pay Sotheby's attorneys' fees in the event of a breach of the Contract and to the extent that Sotheby's is required to take legal action to collect monies owed.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

24. Sotheby's repeats and realleges the allegations set forth in Paragraphs 1 through 23 above.

25. Sotheby's and Defendant were parties to the Contract.

26. Sotheby's and Defendant agreed to all terms of the Contract.

27. The Contract incorporated by refence Sotheby's standard Conditions of Sale and Terms of Guarantee.

28. Pursuant to the terms of the Contract, Sotheby's has the right to the rescind the Sale if, *inter alia*, it learns that the Painting (1) "is inaccurately described in the catalogue," (2)

4

"is a counterfeit (a modern forgery intended to deceive)," or (3) if Sotheby's determines, in its sole judgment, that the sale of the Painting may subject it to "any liability."

29. Pursuant to the terms of the Contract, Defendant agreed to return the proceeds from the Sale in the case of rescission.

30. Sotheby's has performed all of its obligations under the Contract.

31. Recently, Sotheby's learned that the Painting is a modern forgery and, as such, was inaccurately described in Sotheby's catalogue.

32. Sotheby's invoked its right under the Contract to rescind the Sale and demanded that Defendant return the Sale proceeds he had received from Sotheby's.

33. Defendant has breached the Contract by (a) refusing to remit the payment due and owing to Sotheby's because of the rescission of the Sale and, upon information and belief, (b) breaching his representations to Sotheby's concerning the Painting, including the terms provided in Sotheby's Conditions of Sale and Terms of Guarantee.

34. Sotheby's has suffered damages in amount to be determined at trial, but in no event totaling less than Six Hundred and Seventy-Two Thousand Dollars ($672,000.00) due to Defendant's breach of the Contract.

**WHEREFORE**, Plaintiff demands judgment as follows:

a.  Awarding Plaintiff compensatory damages in an amount to be determined at trial, but no less than Six Hundred and Seventy-Two Thousand Dollars ($672,000.00), plus interest;

b.  Awarding Plaintiff the costs and disbursements of this action, including attorneys' fees pursuant to the Contract; and

c.  Awarding Plaintiff such other or further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Sotheby's demands a trial by jury.

Dated: New York, New York
2017-January-17

        **CAHILL PARTNERS LLP**

By: _____*s/ John R. Cahill*_____
John R. Cahill
Paul S. Cossu
70 West 40th Street, 15th Floor
New York, New York 10018
212-719-4400

*Attorneys for Plaintiff Sotheby's, Inc.*